Argued November 28, affirmed December 24, 1973, reconsideration denied January 16, petition for review denied February 20, 1974

WITTMEYER, *Petitioner, v.*
CHILDREN'S SERVICES DIVISION,
*Respondent Cross-Petitioner.*

517 P2d 304

*Keith E. Tichenor,* Portland, argued the cause for petitioner. With him on the brief were Pozzi, Wilson & Atchison, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent cross-petitioner. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal by petitioner Wittmeyer from an order by the Public Employe Relations Board denying her request that it set aside or modify her employer's evaluation of her performance. The evaluation was unsatisfactory to her. The Board decided against her on the merits. We affirm the Board on procedural grounds.

The performance evaluation in question was furnished to petitioner on April 2, 1972. She discussed the merit evaluation with her supervisor at about that time and also on July 5, 1972. It is claimed that she did not make a written grievance application until September 26, 1972.

Respondent Children's Services Division moved that the petition be dismissed for untimeliness, i.e., that the grievance procedure was not instituted within the time permitted by personnel rules. In denying the motion the Board said:

> "The Respondent's Motion to Dismiss was properly denied. The motion was based upon the fact that Personnel Division Rule 82-300 provides a limitation of 60 days from knowledge of the occurrence of the act or omission for filing a grievance and alleges that the grievance was filed more than 60 days from the time the employe was given notice

of her merit rating. The record shows that the employe verbally presented her complaint to her supervisor within the 60-day period. The language of the labor agreement clearly provides that the opening step of the grievance procedure is an effort of the employe to reach agreement with her supervisor. Accordingly, the grievance was taken in a timely manner."

Personnel Division Rule 82-300 of the Executive Department, mentioned above, provides:

"No grievance shall be initiated later than 60 days after the employe could have reasonably known of the occurrence of the act or omission on which the grievance is based. * * *"

The Public Employe Relations Board's own rules provide that appeals from personnel actions must

"* * * be in writing; must show that a reasonable effort has been made to resolve the issue by means of an agency grievance procedure and review by the Personnel Division * * *

"* * * * *." Oregon Administrative Rules, ch 115, § 41-025.

Petitioner contends that "the collective bargaining agreement in Article 18 * * * [provides] that the right of an employe to proceed before the Public Employe Relations Board is in addition to any grievance procedure which the employe may . . . or the employer may provide." Assuming *arguendo* that the collective bargaining contract is relevant, that contract itself provides the grievance procedure as follows:

"Procedural Steps:

1. a. If the employe and his supervisor cannot reach agreement as to the *solution of the problem,* he may present his problem *in writing as a grievance* to the appropriate level of this procedure.

\* \* \* \* \*." Collective Bargaining Contract, Oregon State Employes Association and Public Welfare Division, Art XIV, § 18 (Exhibit P-3). (Emphasis supplied.)

■ The Board in its ruling concluded that the opening step in the grievance procedure was the effort of the employe to reach agreement with her supervisor. We do not agree with this interpretation. The verbal presentation to the supervisor appears to us to be the attempt to "reach agreement as to the solution of the problem." If and when the oral attempt fails, then the employe commences the grievance procedure by written presentation of the grievance.

■ The petitioner knew of the evaluation on April 2, 1972. She does not specifically admit that written grievance application was made on September 26, 1972, but she does not claim that a written grievance application was made at any other time. The burden is upon the petitioner to establish the jurisdiction of the Board. Petitioner was required to file her grievance in writing within 60 days from the time she was given notice of her merit rating which was the "act or omission for filing a grievance" in this case.

Affirmed.